IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEE O. GOSTON                                                                                           PETITIONER
ADC #105879

CASE NO. 4:20-CV-772-DPM-BD

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                              RESPONDENT

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Chief Judge D.P. Marshall Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

On November 9, 1995, a Pulaski County, Arkansas jury convicted petitioner Lee O. Goston of aggravated robbery and theft of property. (Doc. No. 6-1) Mr. Goston was sentenced as a habitual offender to life plus thirty years in the Arkansas Department of Correction. *Id.* Mr. Goston, through counsel, appealed to the Arkansas Supreme Court, claiming that he was denied his constitutional right to a speedy trial. *Goston v. State*, 326

Ark. 106, 930 S.W.2d 332 (1996). On September 30, 1996, the Arkansas Supreme Court affirmed Mr. Goston's conviction. *Id.*

Mr. Goston filed the instant petition for federal habeas corpus relief on June 22, 2020. (Doc. No. 2). In this petition, he claims that his counsel was ineffective for failing to appeal the issue of mental incompetency. He further claims that the trial court erred by failing to order a mental evaluation.

Director Payne responded to the petition. (Doc. No. 6) He contends that Mr. Goston's petition is barred by the applicable statute of limitations or, alternatively, is procedurally defaulted.

### III.   Discussion:

A.  *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the latter of, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id.*

The Arkansas Supreme Court decided Mr. Goston's direct appeal on September 30, 1996, and his time to seek review in the United States Supreme Court expired ninety days later, on December 29, 1996. U.S. SUP. CT. R. 13.1. Mr. Goston did not seek review in the United States Supreme Court. The one-year federal statute of limitations began to run for Mr. Goston, therefore, on December 30, 1996, the day after the time expired for

seeking review of the decision handed down by the Arkansas Supreme Court. He had until December 30, 1997 to file a federal habeas corpus petition. See *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgement becomes "final" on the date that the time for seeking review expires).

Mr. Goston did not file this federal petition until June 22, 2020, over 22 years after the statute of limitations had expired. Unless the Court determines that Mr. Goston is entitled to statutory or equitable tolling, this § 2254 action is untimely.

B.  *Tolling*

The AEDPA provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Because Mr. Goston did not file a state petition for post-conviction relief, he is not entitled to statutory tolling.

The limitations period may be equitably tolled if Mr. Goston is able to show that he pursued his rights diligently and that some extraordinary circumstances stood in his way to prevent a timely filing. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Goston argues that his delinquent filing should be excused because his counsel did not inform him of his post-conviction options. Typically, a petitioner's *pro se* status, lack of legal knowledge or legal resources, and confusion about, or miscalculation

of, the limitations period are not deemed extraordinary circumstances that warrant equitable tolling. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Mr. Goston is not entitled to equitable tolling based on his lack of legal knowledge.

Mr. Goston further argues that he only "recently became competent enough to file motions and petitions to the courts [himself] after being lost mentally and serving 24 years in prison." (Doc. No. 2 at p. 13) "A physical or mental impairment may support equitable tolling, [but] whether it will do so depends on its degree and duration." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (internal quotations omitted). To be entitled to equitable tolling on grounds of mental impairment, Mr. Goston must "allege[] that his disability was so severe that it precluded him from filing court documents or seeking the assistance of others to do so." *Id.*

Mr. Goston has failed to point to any such facts or circumstances. To the contrary, the record indicates that, far from being mentally incompetent, Mr. Goston achieved his General Educational Development certificate on December 1, 1997. (Doc. No. 6-2)

Furthermore, Mr. Goston does not indicate that he took *any* action to diligently pursue his federal habeas claims during the applicable limitations period, December 30, 1996 to December 30, 1997. See *Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (indicating that claims of mental incompetency do not excuse petitioners from the reasonable diligence requirement). Mr. Goston's federal habeas petition is untimely; he

provides no compelling basis for tolling the statute of limitations; and he does not allege actual innocence. Accordingly, his petition for habeas relief should be denied.[1]

IV. **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Goston has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Goston has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

V. **Conclusion:**

Mr. Goston's petition is time barred. His petition for writ of habeas corpus (Doc. No. 2) should, therefore, be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 3rd day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Mr. Goston's petition is barred by the applicable statute of limitations, it is unnecessary to address the issue of procedural default.